■ In the Matter of CHARLES H. GOLDSTEIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner. — In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has submitted an affidavit dated December 14, 1983 in which he tenders his resignation as an attorney and counselor at law. Respondent was admitted to practice by the Appellate Division of the Supreme Court, First Judicial Department, on December 1, 1952. By order of this court dated October 3, 1983, the respondent was suspended from the practice of law for a period of three years, commencing November 1, 1983. The charges against respondent involve, *inter alia*, neglecting a client's matter resulting in the cause of action being barred by the Statute of Limitations. Respondent has stated in his affidavit that his resignation is made freely and voluntarily, without coercion or duress and that he is fully aware of the implications of submitting his resignation. Respondent further indicates that if a disciplinary proceeding was commenced against him based upon the afore-mentioned allegations of misconduct, he could not successfully defend himself on the merits. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and his name struck from the roll of attorneys and counselors at law, effective forthwith. Mollen, P. J., Titone, Lazer, Mangano and Rubin, JJ., concur.

■ In the Matter of SEYMOUR KIRSCHNER, a Suspended Attorney, Petitioner. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Respondent. — Motion by petitioner, Seymour Kirschner, a suspended attorney, whose period of suspension has expired, for reinstatement to the Bar of the State of New York. The matter was referred to the Committee on Character and Fitness for the Second Judicial Department for investigation and report. The report of the committee has been received by this court, and it recommends that petitioner be reinstated. This court adopts the recommendation for reinstatement; the petitioner, Seymour Kirschner, is ordered reinstated as immediately and the clerk of this court is directed to restore petitioner's name to the roll of attorneys and counselors at law forthwith. Lazer, J. P., Mangano, Gibbons, Thompson and Rubin, JJ., concur.